IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>     vs.<br><br>KEVIN CAVE,<br><br>                     Defendant. | **8:12CR417**<br><br>**MEMORANDUM & ORDER** |

This matter is before the Court on Defendant's, Kevin Cave, Petition for Writ of Error Corem Nobis, pursuant to 28 U.S.C. § 1651 to vacate his conviction. Filing No. 60 at 1.

Mr. Cave entered a guilty plea to one count of Fraud and Related Activity in Connection with Computers in violation of 18 U.S.C. § 1030(a)(2)(C). Filing No. 60 at 1. Mr. Cave was an officer with the Omaha Police Department and would frequently access the Nebraska Criminal Justice Information System (NCJIS). *Id.* The NCJIS is a protected database that requires training for users and special logins. *Id.* The NCJIS provides officers with a person's criminal history, driver's license, employment, parole, and probation information, but only for law enforcement purposes. *Id.* at 2. Mr. Cave used NCJIS from March 2, 2010, until August 21, 2012, for personal financial gain. *Id.* Mr. Cave provided personal information of individuals to car dealerships and repossession companies attempting to repossess vehicles. Filing No 60 at 2. In return for the

1

information, Mr. Cave was paid up to $200 per successful reposition, totaling $16,050.00. Filing No. 60 at 2. Mr. Cave was sentenced on November 15, 2013, to a term of three years of probation, a $100 special assessment, and a fine of $8,000.00. Filing No. 60 at 1.

Mr. Cave argues that his Petition for Writ of Error Corem Nobis should be granted because of the recent decision made by the United States Supreme Court in *Van Buren v. United States*, 141 S. Ct. 1648 (2021). Van Buren, a police officer, was convicted of violating 18 U.S.C. § 1030(a)(2), for running a license plate search in exchange for money. *Van Buren*, 141 S. Ct. at 1649. Van Buren was convicted and sentenced to 18 months in prison. *Id.* On appeal Van Buren argued that the "exceeds authorized access" clause in 18 U.S.C. § 1030(a)(2), only applies to accessing information that is beyond their computer access, not to those who misuse access. The Supreme Court states, "an individual 'exceeds authorized access' when he accesses a computer with authorization, but then obtains information located in particular areas of the computer—such as files, folders, or databases—that are off limits to him." *Van Buren*, 141 S. Ct. at 1662. The Supreme Court held Van Buren did in fact have authorization to retrieve license plate numbers, therefore, he did not exceed authorized access even though he obtained information for improper use. *Van Buren*, 141 S. Ct. at 1662. Mr. Cave argues that he, too, had authorization to access the NCJIS as a police officer and did so for an improper use, but did not exceed authorized access. Filing No. 60 at 3.

On December 9, 2021, the Acting United States Attorney, Jan W. Sharp, joined Mr. Cave's Petition for Writ of Error Coram Nobis and waved any procedural default arguments. Filing No. 61. The Court has reviewed the cited case, *Van Buren*, 141 S. Ct.

1648, and the record provided, and finds the Petition for Writ of Error Corem Nobis, pursuant to 28 U.S.C. § 1651, should be granted.

**THEREFORE, IT IS HEREBY ORDERED That:**

1. Defendant's Petition for Writ of Error Coram Nobis, Filing No. 60, is granted.

2. Judgment, Filing No. 50, is hereby vacated.

Dated this 4th day of February, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge